USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-12-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ANTHONY WAGER,                       :

    Petitioner,          :  06 Civ. 814 (GBD)(HBP)

 -against-                          :  OPINION AND
               ORDER
ROBERT E. ERCOLE,                    :

    Respondent.          :

------------------------------------X

    PITMAN, United States Magistrate Judge:

    By a document entitled "Declaration in Support [of] a Change of Caption, and in Further Support [of] a Stay in the Instant Proceeding," (Docket Item 13), petitioner seeks (1) to amend the caption of this matter to reflect the identity of the superintendent of the facility at which he is currently housed and (2) reconsideration of my Order dated January 28, 2009 denying petitioner's application to stay these proceedings to permit him to exhaust his state remedies with respect to a claim that has not been previously asserted, namely that his appellate counsel was ineffective. For the reasons stated below, petitioner's application is granted to the extent petitioner seeks to amend the caption of this matter; it is denied in all other respects.

    This is a habeas corpus proceeding arising out of petitioner's July 2003 conviction in the Supreme Court of the

State of New York for one count of murder in the second degree. Petitioner was sentenced to an indeterminate term of imprisonment of from 25 years to life and is currently incarcerated pursuant to that judgment.

Petitioner was convicted on July 18, 2003. The Appellate Division, First Department affirmed his conviction on June 23, 2005. People v. Wager, 19 A.D.3d 263, 796 N.Y.S.2d 615 (1st Dep't 2005). The New York Court of Appeals denied petitioner leave to appeal on August 30, 2005. People v. Wager, 5 N.Y.3d 811, 836 N.E.2d 1163, 803 N.Y.S.2d 40 (2005).

Petitioner filed the present petition on February 2, 2006 and asserted four claims[1]: (1) the prosecution's notice of its intent to offer identification testimony from a witness who had viewed two photo arrays was untimely; (2) the photo arrays were unduly suggestive and tainted the witness's in-court identification; (3) the Trial Court improperly interfered with the examination of witnesses and was biased against petitioner, and (4) petitioner's sentence was unduly harsh and excessive. In his current application, petitioner seeks to stay consideration of his petition so he can exhaust his state remedies with respect to a claim that his appellate counsel was ineffective. Petitioner claims that his appellate counsel was ineffective

---

[1]Petitioner's claims are discussed in much greater length in a Report and Recommendation issued on this date recommending that the petition be dismissed.

2

because he failed to argue that (1) trial counsel was ineffective; (2) misconduct by the District Attorney's Homicide Investigation Unit resulted in an unfair trial and deprived petitioner of his rights under Brady v. Maryland, 373 U.S. 83 (1963) and People v. Rosario, 9 N.Y.2d 286, 173 N.E.2d 881, 213 N.Y.S.2d 448 (1961)[2], and (3) the Trial Court engaged in improper conduct during jury selection.  Petitioner has indicated that he will seek to supplement his habeas corpus petition with this claim after he exhausts his state remedies.

To the extent petitioner seeks to amend the caption of this matter, the application is granted.  The caption should reflect the name of the individual who has custody over petitioner, and the amendment of the caption does not prejudice respondent in any respect.

Petitioner's renewed application for a stay is more problematic.  Where a habeas petitioner has filed a "mixed petition," that is a petition containing both exhausted and unexhausted claims, the Supreme Court has held that a District Court has the discretion to stay consideration of the exhausted claims while the petitioner exhausts his remedies with respect to

---

[2] In Rosario, the New York Court of Appeals held, as a matter of state law, that a criminal defendant is entitled to the prior statements of the prosecution's witnesses in order to determine if the testimony of such witnesses in court departs from their prior statements.  The holding in Rosario has been codified in N.Y. Crim. Proc. Law § 240.45(a).

the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). In Rhines, the Court indicated that such a stay is appropriate if (1) the unexhausted claims are not meritless, (2) the petitioner has good cause for failing to exhaust his claims in state court and (3) the petitioner has not engaged in intentional delay or abusive litigation tactics. Whether such a stay is appropriate when a petition contains only exhausted claims and the stay is sought to permit exhaustion of new claims is an open question in this Circuit. Townes v. Lacy, 68 F. App'x 217, 218 (2d Cir. 2003) (summary order); Piper v. Smith, 07 Civ. 9866 (DLC)(RLE), 2009 WL 857602 at *2 (S.D.N.Y. Mar. 30, 2009).

Assuming, without deciding, that consideration of a habeas petition containing only exhausted claims can be stayed to permit petitioner to exhaust and add new claims, such a stay is inappropriate here because the new claim is time barred.

As noted above, the New York Court of Appeals denied petitioner leave to appeal on August 30, 2005. Petitioner's conviction became final 90 days thereafter, or on November 28, 2005, when his time for petitioning the United States Supreme Court for a writ of certiorari expired. McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001); see also Sup. Ct. R. 13(1). Subject to

certain exceptions not applicable here,[3] a habeas petitioner has one year from the date on which his conviction becomes final to file a habeas corpus petition. 28 U.S.C. § 2244(d). Thus, any claim asserted by petitioner after November 28, 2006 would be time barred.

If petitioner were to move to amend his petition to add a claim of ineffective assistance of appellate counsel, the claim would be time barred unless it "related back" to the original petition. A newly asserted claim "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). A claim will not relate back simply because it arises out of the same criminal proceeding. The "relation back" requirement "has been narrowly construed." Piper v. Smith, supra, 2009 WL 857602 at *2. See Perez v. United States, CV-00-3435 (DGT), 2009 WL 1606470 at *4-*5 (E.D.N.Y. June 8, 2009) (claim of ineffective assistance of

---

[3] Properly filed state collateral attacks, such as a motion pursuant to N.Y. Crim. Proc. L. § 440.10, toll the one-year limitations period. 28 U.S.C. § 2244(d)(2). They do not, however, "reset" the one-year clock, and a state collateral attack filed after the expiration of the one-year limitations period has no effect on the one-year limitations period. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); accord Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002)(per curiam); Clark v. Stinson, 214 F.3d 315, 319 (2d Cir. 2000).

The filing of a federal habeas corpus petition does not toll the one-year limitations period. Rhines v. Weber, supra, 544 U.S. at 274-75; Duncan v. Walker, 533 U.S. 167, 181-82 (2001),

trial counsel based on conduct prior to conviction did not relate back to claim that trial counsel was ineffective at sentencing); Jenkins v. Graham, 06 Civ. 10200 (CM)(JCF), 2009 WL 1119383 at *3 (S.D.N.Y. Apr. 23, 2009) (claim of ineffective assistance of appellate counsel based on failure to assert that trial counsel was ineffective for failing to argue that indictment was facially deficient did not relate back to claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to preserve claim of retaliatory sentencing); Veal v. United States, 01 Civ. 8033 (SCR), 97 Cr. 544 (SCR) 04 Civ. 5122 (MBM), 2007 WL 3146925 at *5 (S.D.N.Y. Oct. 9, 2007) (ineffective-assistance claim based on new facts did not relate back).

The original petition here did not raise any claim of ineffective assistance of trial or appellate counsel nor did it raise any claim concerning the facts underlying the new claim of ineffective assistance of appellate counsel. Thus, any attempt to assert such a claim at this time would be futile because the claim is time barred, and no purpose would be served by staying the habeas petition to permit petitioner to exhaust his state court remedies.

Accordingly, petitioner's application to amend the caption of this matter is granted; Robert E. Ercole is hereby substituted for John Conway as respondent. Petitioner's renewed

application to stay consideration of his habeas corpus petition to enable him to exhaust his state remedies concerning his claim of ineffective assistance of appellate counsel is denied in all respects.

Dated:   New York, New York
         June 12, 2009

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Anthony Wager
DIN 99-A-1668
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York  12582-0010

Sheryl Feldman, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York  10013