**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
ANTHONY WAGER,

                Petitioner,

    -v-

ROBERT E. ERCOLE,

                Respondent

------------------------------------x

MEMORANDUM DECISION
AND ORDER
06 cv 0814 (GBD)(HBP)

GEORGE B. DANIELS, United States District Judge:

Pro-se petitioner, Anthony Wager, brings this writ of habeas corpus pursuant to 28 U.S.C. § 2254, for an Order vacating his sentence and judgment of conviction imposed on July 18, 2003, after a jury trial, by the Supreme Court of the State of New York, New York County (Snyder, J.), for one count of murder in the second degree in violation of New York Penal Law Section 125.25(1).[1] The petitioner claims (1) his constitutional rights were violated because he was not provided timely notice, as required by N.Y. Crim. Proc. L. §710.30,[2] of the prosecution's intention to introduce the testimony of a witness identifying petitioner as the shooter; (2) his Due Process rights were violated because the witness's identification testimony was allegedly the product of an unduly suggestive photographic array and was not independently reliable; (3) his Due Process rights were violated by the Trial Court's improper interference with

---

[1] As a result of that conviction, petitioner is currently serving an indeterminate prison term of 25 years to life.

[2] N.Y. Crim. Pro. L. §710.30 (1)(b) provides in pertinent part:
"Whenever the people intend to offer at a trial . . . (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered."

the examination of witnesses; (4) his sentence is unduly harsh and excessive.

Defendants maintain that (1) petitioner is procedurally barred from claiming that he did not receive proper identification notice pursuant to N.Y. Crim. Proc. L. §710.30; (2) the sequential display of photographs to the witness was not a suggestive identification procedure that tainted his in-court identification; (3) the trial court's conduct was consistent with petitioner's right to a fair trial; (4) petitioner's excessive sentence claim is not cognizable on habeas corpus review. This Court referred the matter to Magistrate Judge Henry Pitman for a Report and Recommendation. Magistrate Judge Pitman issued a Report and Recommendation ("Report") recommending that the petition be denied in its entirety.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Pitman advised petitioner that failure to file timely

objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner submitted two letters to the court (dated March 11, 2010 and March 29, 2010) indicating his objection to the Report issued by Magistrate Judge Pitman. This Court has examined the magistrate Judge's report in light of petitioner's objections. Petitioner has not articulated any meritorious objection. This Court adopts the Report's recommendation in its entirety.

The Magistrate properly found on the merits that both the 1996 and 2003 photographic arrays were not unduly suggestive identification procedures.[3] Moreover, failure to provide pretrial identification notice pursuant to N.Y. Crim. Proc. L. §710.30 does not rise to a federal constitutional violation. The Trial Court did not violate petitioner's Due Process rights by admitting witness identification testimony.

Magistrate Judge Pitman also properly concluded that the Trial Court's questioning during petitioner's trial did not convey to the jury that the Court had any personal opinion regarding the evidence, and was well below the level of intervention that has been found permissible in other similar cases. Further, the Trial Court's instructions to the jury cured any possible prejudice that the Court's questioning could have caused. Magistrate Judge Pitman correctly held that petitioner has not properly exhausted his state court remedies with respect to any constitutional claims concerning the length of his sentence, and that his claim that his sentence should be reduced in the interests of justice is not cognizable.

Accordingly, the Court adopts the Report and for the reasons stated therein, the writ is hereby denied and the petition dismissed.

As petitioner has not made a substantial showing of the denial of a federal

---

[3] Defendants argue that any claims concerning the 1996 photographic array are exhausted and procedurally barred; however Magistrate Judge Pitman has resolved these claims on the merits.

3

right, a certificate of appealability will not issue. 28 U.S.C. s 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir.1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir.1997); Lozada v. United States, 107 F.3d 1011 (2d Cir.1997). Moreover, the Court certifies pursuant to 28 U.S.C. s 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 60 (2d Cir.2001).

Dated: New York, New York
May 10, 2010

SO ORDERED:

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge

4